IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH EUGENE HOOVER,           )
                                )
              Petitioner,       )
                                )
       v.                       )     1:10CV168
                                )
BUTCH JACKSON,                  )
                                )
              Respondent.       )

**ORDER, MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.)[1] On July 19, 2005, in the Superior Court of Forsyth County, a jury found Petitioner guilty of speeding to elude arrest, felony possession of cocaine, and having attained the status of a habitual felon in cases 03 CRS 51453-54 and 04 CRS 17009, and he received a sentence of 150 to 189 months of imprisonment. (Id. at 2.)

Petitioner unsuccessfully pursued a direct appeal. See State v. Hoover, 361 N.C. 364, 646 S.E.2d 372 (May 3, 2007) (unpublished), cert. denied, 552 U.S. 897 (2007). He then turned to the state courts seeking collateral review of his convictions by filing a motion for appropriate relief. (Docket Entry 9, Ex. 9.) That motion was initially denied as procedurally barred. (Id. Ex.

---

[1] Petitioner has also filed a Motion to Expand the Record in which he seeks to submit an affidavit and documents from the state court record. (Docket Entry 3.) This motion is unopposed and the documents are appropriate for consideration. The motion will, therefore, be granted. The Court, however, will deny Petitioner's Motion for Appointment of Counsel based on the determination (set forth in the discussion that follows, infra, pp. 4-15) that the Petition lacks merit.

10.)  However, Petitioner sought a writ of certiorari from the North Carolina Court of Appeals, which granted his petition in part and remanded his case for the Superior Court to consider the merits of Petitioner's ineffective assistance of appellate counsel claim. (Id. Ex. 13.)

On remand, Petitioner filed an addendum to his original motion for appropriate relief. (Id. Ex. 14.)  The motion for appropriate relief was eventually denied as procedurally barred and, in the alternative, meritless. (Id. Ex. 16.)  The North Carolina Court of Appeals again returned the motion to the Superior Court for consideration of the ineffective assistance of appellate counsel claim on its merits. (Id. Ex. 19.) Counsel was appointed and certain issues in the motion for appropriate relief were briefed. (Id. Ex. 21.)  However, the trial court denied the remaining claims in the motion for appropriate relief on the merits. (Id. Ex. 24.) This time, the North Carolina Court of Appeals denied certiorari. (Id. Ex. 27.)  Petitioner next filed his Petition in this Court. (Docket Entry 2.)  Respondent has filed a Motion for Summary Judgment (Docket Entry 8), Petitioner has responded (Docket Entries 11, 12, 13), and Respondent's motion is now before the Court for a decision.

## Facts

The basic facts of the case, as set out by the North Carolina Court of Appeals on direct appeal, are as follows:

> Shortly after midnight on 11 February 2003, Officer Michael Pearson began pursuing a vehicle which was traveling an estimated 55 m.p.h. in a 35 m.p.h. zone. The

> pursuit continued onto Interstate 40 at approximately 80 m.p.h. in a 60 m.p.h. zone. As the vehicle was halfway up an exit ramp, Officer Pearson saw something white come out of its passenger window and hit his windshield. The vehicle ran a red light at the top of the exit ramp at approximately 50 m.p.h., crossed the intersection, and began traveling down an entrance ramp toward Interstate 40. The driver, later identified as [Petitioner], stopped the vehicle near the bottom of the entrance ramp, exited the vehicle, and subsequently surrendered to Officer Pearson. Another officer recovered a napkin which contained a rock of crack cocaine on the exit ramp where Officer Pearson had seen something white come out of the passenger window.

State v. Hoover, No. COA05-1670, 2006 WL 2347657, at *1 (N.C. App Aug. 15, 2006) (unpublished).

### Petitioner's Claims

The Petition raises five claims for relief:

1) his "conviction was obtained [using] insufficient evidence for possesion [sic] of cocaine" (Docket Entry 2 at 6);[2]

2) there was "insufficient evidence for [the] speeding to elude arrest conviction" (id. at 7);

3) Petitioner did not receive effective assistance of counsel on appeal (id. at 9);

4) "the trial court vindictively imposed a greater punishment, because [Petitioner] exercised [his] right to a jury trial (id. at 11); and

5) Petitioner received ineffective assistance of counsel at trial because his attorney did not conduct a proper investigation and failed to make several evidentiary objections, as well as

---

[2] Petitioner also mentions his conviction for speeding to elude arrest in this claim. However, he then addresses that conviction in his next claim. The Court therefore need only treat Petitioner's first claim as pertaining to his cocaine conviction.

-3-

ineffective assistance of counsel on appeal because his appellate counsel either did not raise, or abandoned, all of trial counsel's errors (id. at 23-24).

## Discussion

### Claim One

Petitioner first claims that the State offered insufficient evidence at his trial that the substance he possessed and threw out of the window of his vehicle was cocaine. According to Petitioner, three officers testified that the substance found in the napkin which bounced off of Officer Person's windshield was crack cocaine and/or that residue from Petitioner's coat pocket and vehicle seat was crack cocaine crumbs. (Docket Entry 2 at 17.)

Respondent initially answers that a procedural bar forecloses this claim. (Docket Entry 9 at 4-8.) Petitioner raised the substance of this claim in his motion for appropriate relief and subsequent certiorari petition, but the claim was denied by the motion for appropriate relief court as procedurally barred under N. C. Gen. Stat. § 15A-1419(a) due to Petitioner's failure to raise the claim on direct appeal. (Docket Entry 9, Ex. 10, ¶¶ 6-8.) Absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. See Harris v. Reed, 489 U.S. 255, 262 (1989). A procedural rule qualifies as adequate if the state court regularly or consistently applies it, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and as

-4-

independent if said rule does not depend on a federal constitutional determination, Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

The United States Court of Appeals for the Fourth Circuit has considered whether a petitioner denied relief under N.C. Gen. Stat. § 15A-1419(a) may bring those claims in a federal habeas petition. Boyd v. French, 147 F.3d 319 (4th Cir. 1998). In finding that the procedural bar applies in that context, the Fourth Circuit stated:

> This court has consistently held, however, that § 15A-1419 is an adequate and independent state-law ground for decision foreclosing federal habeas review. See Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998); Ashe v. Styles, 39 F.3d 80, 87-88 (4th Cir. 1994) (explaining that a federal habeas petition should have been denied on the basis of procedural default because the state court denied relief pursuant to § 15A-1419(a) which is "an adequate and independent state law ground of decision"); see also O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996) (en banc) (holding that unambiguous procedural rules derived from state statutes or court rules are necessarily "firmly established" (internal quotation marks omitted)), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) . . . .

Boyd, 147 F.3d at 332.

A review of the North Carolina Court of Appeals' decision on Petitioner's direct appeal confirms that Petitioner did not raise the first claim in his instant Petition on direct appeal. See State v. Hoover, 2006 WL 2347657, at *1-4. Accordingly, Petitioner's current claim regarding the sufficiency of evidence to support his cocaine conviction, which he raised for the first time in his motion for appropriate relief even though he could have raised it on appeal, was procedurally barred under state law and remains subject to a procedural bar in federal court unless

-5-

Petitioner either demonstrates cause and prejudice for his procedural default, or establishes that this Court's refusal to address his claims will result in a miscarriage of justice. See Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009).

Petitioner asserts that ineffective assistance of counsel on appeal caused the procedural default. (Docket Entry 12 at 3-5.) Although ineffective assistance can constitute the cause necessary for excusing a procedural default, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness" and that the petitioner suffered "actual prejudice." Clagett v. Angelone, 209 F.3d 370, 380 (4th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984)). Claims involving ineffective assistance of counsel on appeal are judged using the Strickland test. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir.), cert. denied, 129 S. Ct. 162 (2008).

In assessing this matter, the Court first must note that appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 750-54 (1983); see also Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel acted appropriately when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points constitutes an important part of effective appellate advocacy. Jones, 463 U.S. at 751-52. However, prejudice can arise if "'counsel omitted

significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)).

Here, Petitioner cannot demonstrate deficient performance by his appellate attorney because, at the time of his trial and appeal, neither North Carolina law nor the United States Constitution required introduction of expert testimony to prove that a substance was crack cocaine. See State v. Davis, 202 N.C. App. 490, ___ n.2, 688 S.E.2d 829, 835 n.2 (2010) (discussing changes in North Carolina law regarding the use of lay testimony to establish existence of cocaine which occurred in 2009);[3] United States v. Buchanan, 213 F.3d 302, 313 (6th Cir. 2000) (ruling that "lay witness who has personal experience with crack cocaine can establish that a substance is, indeed, crack"), mandate recalled on other grounds, United States v. Murray, 2 Fed. Appx. 398 (6th Cir. 2001); United States v. Marsalla, 164 F.3d 1178, 1179-80 (8th Cir. 1999) (holding that crack cocaine's appearance allows witnesses with "real-life" experiences to identify it).

---

[3] At the time of Petitioner's conviction, North Carolina law permitted a police officer to offer a lay opinion that a substance was crack cocaine. State v. Freeman, 185 N.C. App. 408, 414-15, 648 S.E.2d 876, 881-82 (2007). As discussed in Davis, Freeman was later limited, and perhaps impliedly overruled, by State v. Llamas-Hernandez, 363 N.C. 8, 673 S.E.2d 658 (2009), which reversed the North Carolina Court of Appeals' decision, 189 N.C. App. 640, 659 S.E.2d 79 (2008), for the reasons set out by the dissenting judge in the Court of Appeals. The dissenting judge argued that an officer could not give a lay opinion that a "non-descript white powder" is cocaine, but acknowledged that "it might be permissible, based upon [crack cocaine's distinctive color, texture, and appearance], for an officer to render a lay opinion as to crack cocaine . . . ." Llamas-Hernandez, 189 N.C. App. at 654, 659 S.E.2d at 87.

-7-

Based on the state of the law in North Carolina and elsewhere at the time of Petitioner's trial, neither Petitioner's trial attorney nor his appellate attorney acted unreasonably by failing to pursue this issue. Counsel need not anticipate changes in the law in order to render reasonable assistance. <u>Kornahrens v. Evatt</u>, 66 F.3d 1350, 1360 (4th Cir. 1995). Moreover, in light of the then existing authority, Petitioner has failed to show that any such challenge would have succeeded at that time. Petitioner thus cannot show either cause, prejudice, or a miscarriage of justice. His first claim for relief is procedurally barred and should be denied.[4]

**Claim Two**

Petitioner's second claim contends that the evidence on the speeding charge was inadequate because 1) the testifying officer relied on his own estimate of Petitioner's speed and did not base his testimony on a radar measurement or on his own vehicle's speed, 2) no evidence was submitted to show that Petitioner was guilty of reckless driving, and 3) Petitioner was never cited for driving with a revoked license. (Docket Entry 2 at 20.) Again, Petitioner did not pursue this claim on direct appeal, but rather only in his motion for appropriate relief, which was denied as procedurally defaulted. As with his first claim, Petitioner argues that ineffective assistance of appellate counsel excuses the default.

---

[4] Of course, this conclusion also means that Petitioner's claim would fail if considered on the merits and it should be denied on that alternative basis, as well.

-8-

A defendant in North Carolina is guilty of felonious speeding to elude arrest under N.C. Gen. Stat. § 20-141.5 if he operates a vehicle "while fleeing or attempting to elude a law enforcement officer" and two or more factors listed in subsection (b) of that statute exist. Those factors include driving more than 15 miles per hour over the speed limit, reckless driving, and driving with a revoked license. See N.C. Gen. Stat. § 20-141.5(6).

As noted by the North Carolina Court of Appeals in its denial of Petitioner's direct appeal, see supra, pp. 2-3, Officer Michael Pearson testified at Petitioner's trial that he observed Petitioner's vehicle travel at 80 miles per hour in a 60 mile per hour speed zone, exit the interstate, run a red light at 50 miles per hour, and continue through an intersection and back onto the interstate. All of this conduct occurred while Officer Pearson pursued Petitioner's vehicle with blue lights and siren activated. (Docket Entry 9, Ex. 28 at 119-21.) Petitioner's license was indefinitely suspended at the time. (Id. at 193, 198.)

The above testimony suffices to support Petitioner's conviction under North Carolina law. "[A]ny person of ordinary intelligence, who had a reasonable opportunity to observe a vehicle in motion and judge its speed may testify as to his estimation of the speed of that vehicle." State v. Barnhill, 166 N.C. App. 228, 232, 601 S.E.2d 215, 218 (2004). Therefore, a law enforcement officer who has observed a vehicle may testify as to speed even though he has no particular training in speed estimation. Id. at 233, 601 S.E.2d at 218. In fact, measurements of speed by radar,

-9-

the standard apparently sought by Petitioner, are admissible only to corroborate what an officer has observed. <u>State v. Jenkins</u>, 80 N.C. App. 491, 495, 342 S.E.2d 550, 552 (1986); N.C. Gen. Stat. § 8-50.2.

Sufficient evidence also existed as to the other two factors relevant to Petitioner's conviction for felony flee and elude. North Carolina law defines "reckless driving" as driving "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others" or driving "without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." N.C. Gen. Stat. § 20-140. Driving at high speeds and intentionally running red lights while fleeing from a law enforcement officer suffices under North Carolina law to show "reckless disregard for the safety of others" such that a jury can find the malice necessary to support a second-degree murder conviction where the driver's vehicle strikes another vehicle and kills someone. <u>State v. Farrar</u>, No. COA01-1569 2002 WL 31687448 (N.C. App. Dec. 3, 2002) (unpublished). Such actions therefore also would support a reckless driving conviction. Finally, whether or not Petitioner received a ticket for driving with a suspended license, the testimony at trial established that his license was suspended indefinitely at the time of his arrest. Such evidence satisfies the "revoked license" aggravating factor in a prosecution for speeding to elude arrest. <u>See, e.g.</u>, <u>State v. Coltrane</u>, 184 N.C. App. 140, 143-44, 645 S.E.2d 793, 795-96 (2007).

Based on the facts and law, ample evidence supported Petitioner's conviction for felonious speeding to elude arrest. His attorney thus had no obligation to challenge this conviction on appeal. Moreover, Petitioner also suffered no prejudice from the failure to make that challenge. He again has not shown the necessary ineffective assistance of counsel on appeal to excuse his procedural default. Petitioner's second claim for relief is procedurally barred and should be denied as such.[5]

**Claim Three**

Petitioner's next claim asserts that he received ineffective assistance of counsel on appeal because his attorney did not pursue an appeal based on the sufficiency of the evidence arguments Petitioner raised in his first two claims. (Docket Entry 2 at 20-21.) As already discussed, the evidence against Petitioner was sufficient and his attorney did not represent him improperly by declining to raise meritless insufficiency arguments on appeal. This claim should be denied.

**Claim Four**

Petitioner's fourth claim for relief alleges that the trial judge vindictively increased his sentence because he exercised his right to a jury trial rather than plead guilty. (Id. at 22.) In response to Respondent's motion for summary judgment, Petitioner agrees that he cannot prove this assertion and withdraws this claim. (Docket Entry 11, ¶ 11.)

---

[5] Like Petitioner's first claim for relief, his second claim for relief would also fail if considered on the merits for all of the reasons already set out. It too should be denied for this alternative reason.

## Claim Five

In his final claim for relief, Petitioner argues that his trial attorney and appellate attorney both provided him with ineffective assistance of counsel, sets out a list of alleged deficiencies as to his trial attorney, and argues that his appellate attorney erroneously failed to pursue his trial attorney's mistakes on appeal. (Docket Entry 2 at 22-24.) As with Petitioner's first and second claims for relief, he failed to raise his instant allegation of errors at trial on direct appeal and these contentions were deemed procedurally defaulted when Petitioner raised them in his motion for appropriate relief. Petitioner again claims that the failure of appellate counsel to litigate his trial counsel's alleged errors on appeal excuses this default. (Id. at 25.)

Petitioner first cites his trial attorney's alleged "fail[ure] to investigate . . . the elements of evidence" and to object to the presentation of lay testimony when expert testimony was required. (Id. at 24.) This conclusory allegation appears to refer to Petitioner's contentions in his prior claims regarding the need for expert testimony to identify the substance thrown from his vehicle. It also may reference his argument that Officer Pearson could not give an opinion, unsupported by a radar or other measurement, of the speed of Petitioner's vehicle. Either way, the argument fails for reasons already set out. Petitioner next alleges that trial counsel should have objected to the failure by the state to introduce any cocaine into evidence. (Id.) For reasons previously

-12-

Case 1:10-cv-00168-WO-LPA   Document 17   Filed 10/07/11   Page 12 of 15

discussed, the officers' testimony was sufficient to establish that Petitioner possessed cocaine and this contention therefore lacks merit.

Petitioner's remaining allegations concern his trial attorney's purported failure to look into the factors necessary for the speeding to elude arrest charge, to object to the lack of evidence of recklessness, to raise the lack of a ticket for a seatbelt violation, and to challenge Officer Pearson's lack of training in speed estimation and testimony regarding the speed of Petitioner's vehicle. (Id.) As previously discussed, the State presented proper evidence as to all three aggravating factors related to the speeding to elude, including as to recklessness and speed and without regard to the issuance of a seatbelt ticket (which consideration lacks any connection to a conviction under N.C. Gen. Stat. § 20-141.5(b)). Again, Petitioner's trial attorney acted reasonably as to these matters and Petitioner suffered no prejudice from the failures to object. Moreover, Petitioner's appellate attorney did not provide ineffective assistance of counsel by declining to pursue an appeal on these points. Petitioner's ineffective assistance of trial counsel claim is procedurally barred.

Only Petitioner's ineffective assistance of appellate counsel remains in light of the procedural bar. At least to some extent, that claim was raised in the motion for appropriate relief and

considered on its merits after remand. (Docket Entry 9, Ex. 24.)[6] Because the state courts adjudicated the claim on its merits, this Court must apply 28 U.S.C. § 2254(d), which precludes habeas relief where a state court considered a claim on its merits unless the decision "was contrary to" or involved an "unreasonable" application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an "unreasonable" determination of the facts.

A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-11. As for questions of fact, state court

---

[6] To the extent Petitioner did not raise that claim in his state collateral filing, it is unexhausted, procedurally barred, and should be denied for those reasons. See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

-14-

findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Petitioner does not even begin to satisfy this standard. The state trial court applied the correct standards as set out in <u>Strickland</u> and denied the motion for appropriate relief essentially for the same reasons that Petitioner's claims fail in this Court. At the end of the day, none of Petitioner's claims have merit and counsel did not commit the errors alleged. The state court's conclusion in this regard neither was contrary to nor an unreasonable application of <u>Strickland</u>. Petitioner's claim of ineffective assistance of counsel on appeal should be denied on its merits.

**IT IS THEREFORE ORDERED** that Petitioner's unopposed Motion to Expand the Record (Docket Entry 3) is granted and his Motion for the Appointment of Counsel (Docket Entry 14) is denied.

**IT IS RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 8) be granted, that the Habeas Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action.

<u>       /s/ L. Patrick Auld         </u><br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

October 7, 2011